IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIK DENNIS, individually and on behalf of all other persons similarly situated,

    Plaintiff,

v.

IDT CORPORATION, *et al.*,

    Defendants.

CIVIL ACTION NO.
1:18-CV-2302-LMM

## ORDER

This case comes before the Court on Defendants IDT Corporation and IDT Telecom, Inc.'s ("Defendants") Motion to Dismiss or, in the Alternative, to Strike Class Allegations. Dkt. No. [15]. After due consideration, the Court enters the following Order.

**I.    BACKGROUND**

Plaintiff brought this Class Action Complaint on behalf of himself and others similarly situated on May 21, 2018, alleging that Defendants have repeatedly made unsolicited telemarketing calls without consent to phone numbers on the National Do Not Call Registry, including his own, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Dkt. No. [1]. Plaintiff defines the relevant class as follows:

> All natural persons in the United States who, from May 20, 2014 to the commencement of this litigation, received more than one telephone solicitation call in a 12-month period telemarketing Defendants' Products more than 31 days after registering their telephone number with the National Do-Not Call Registry and who did not have a prior established business relationship with Defendant and did not provide Defendant prior express written consent to receive such calls.

Id. ¶ 52. Plaintiff is a Georgia resident, while Defendants are both incorporated and headquartered in New Jersey. Id. ¶¶ 7-9.

## II.  DISCUSSION

Defendants argue that the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty., 137 S. Ct. 1773 (2017) bars federal courts from exercising specific personal jurisdiction over Defendants with respect to class-action claims by non-residents of the forum state. Dkt. No. [15-1] at 8-14. Therefore, because Plaintiff's putative class definition encompasses non-residents of Georgia, Defendants contend that the Court should dismiss the Complaint altogether or, in the alternative, strike the class allegations from the Complaint. Id. at 13-14.

Plaintiff argues that Bristol-Myers does not apply to federal class actions such as the case at bar due to the material differences between such actions and the state court mass tort action at issue in Bristol-Myers, and notes that Defendants' contention to the contrary has been rejected by a majority of courts who have considered the question. Dkt. No. [16] at 3-8. Both parties point to district court decisions from different jurisdictions supporting their respective

stances. See Dkt. [15-1] at 13-14 (Defendants citing Practice Mgmt. Support Svcs., Inc. v. Cirque du Soleil, Inc., 301 F. Supp. 3d 840 (N.D. Ill. 2018), class decertified on other grounds, 2018 WL 3659349 (N.D. Ill. Aug. 2, 2018); Chavez v. Church & Dwight Co., Inc., 2018 WL 2238191 (N.D. Ill. May 16, 2018); Wenokur v. AXA Equitable Life Ins. Co., 2017 WL 4357916 (D. Ariz. Oct. 2, 2017); and DeBernardis v. NBTY, Inc., 2018 WL 461228 (N.D. Ill. Jan. 18, 2018)); Dkt. No. [16] at 3-4 (Plaintiff citing Becker v. HBN Media, Inc., 2018 WL 3007922 (S.D. Fla. June 6, 2018); Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc., 2018 WL 1701994 (M.D. Fla. Apr. 4, 2018); Molock v. Whole Foods Mkt., Inc., 297 F. Supp. 3d 114 (D.D.C. 2018); Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc., 2018 WL 1377608 (E.D. La. Mar. 19, 2018); Sanchez v. Launch Tech. Workforce Sols., LLC, 297 F. Supp. 3d 1360 (N.D. Ga. 2018); In re Chinese-Manufactured Drywall Prods. Liab. Litig., 2017 WL 5971622 (E.D. La. Nov. 30, 2017); Swamy v. Title Source, Inc., 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017); Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc., 2017 WL 4224723 (N.D. Cal. Sept. 22, 2017); and Morgan v. U.S. Xpress, Inc., 2018 WL 3580775 (W.D. Va. July 25, 2018)).

In Bristol-Myers, a group of plaintiffs, some of whom were non-residents, brought a mass tort action in California state court for injuries caused by Plavix, a drug manufactured and distributed by the defendant, a company incorporated in Delaware and headquartered in New York. 137 S. Ct. at 1777-78. Below, the California Supreme Court had held that the defendant was not subject to general

3

jurisdiction in California, but found specific jurisdiction existed as to all claims, including those of the non-resident plaintiffs. Id. at 1778-79. In reaching this conclusion, the lower court relied on a "sliding scale approach" that took into account the defendant's "extensive contacts with California" generally, as well as the similarities between the non-resident plaintiffs' claims and those of the resident plaintiffs. Id. The defendant challenged the court's exercise of specific personal jurisdiction with regard to the non-resident plaintiffs.

The Supreme Court sided with the defendant company. First, the Court explained that although the defendant engaged in business activities in California, it did not develop, create a marketing strategy for, manufacture, label, package, or work on the regulatory approval for Plavix in the state. Id. at 1778. Additionally, the non-residents were "not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." Id. at 1781. The Court emphasized that although a court with general jurisdiction over a defendant may hear "any claim against that defendant, even if all the incidents underlying the claim occurred in a different state," the California court could exercise only specific jurisdiction in accordance with "settled principles" requiring "an affiliation between the forum and the underlying controversy." Id. at 1780-81 (citing Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)).

In assessing personal jurisdiction, the primary concern is "the burden on the defendant." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292.

The Bristol-Myers Court explained that this "burden" requires consideration of more than such practical inconveniences as the defendant being made to litigate in distant forums, also encompassing "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." 137 S. Ct. at 1780. In that way, the doctrine of personal jurisdiction reflects the "territorial limitations on the power of the respective States" and recognizes the "sovereignty of each State." Id. Therefore, the Supreme Court held that the California Supreme Court's use of the sliding scale approach to exercise jurisdiction over Bristol Myers exceeded the due process limitations of the Fourteenth Amendment. Id. at 1781-83. In doing so, however, the Supreme Court declined to answer the question of whether the "Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1783-84. Moreover, Justice Sotomayor noted in her dissent that "[t]he Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." Id. at 1789 n.4 (Sotomayor, J., dissenting). Defendants now ask this Court to decide that the opinion does so apply. The Court declines to do so.

Unlike in Bristol-Myers, due process concerns do not foreclose the exercise of personal jurisdiction over Defendants as to the claims of the unnamed non-resident plaintiffs here. The material differences between Bristol-Myers and the case before the Court today preclude its extension to federal court class actions.

5

First, Bristol-Myers involved a mass tort action, not a class action. In a mass tort action, each plaintiff is a real party in interest to the complaint (i.e., they were named as plaintiffs). Sanchez, 297 F. Supp. 3d at 1365 (citing Bristol-Myers, 137 S. Ct. at 1778). In a class action, like the one before the Court today, one or more plaintiffs seek to represent a class of similarly situated plaintiffs. See Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 155 (1982) ("The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"(quoting Califano v. Yamasaki, 442 U.S. 682 (1979)); Fed. R. Civ. P. 23. In contrast to a mass tort action, the class action requirements of Rule 23 ensure that the "defendant is presented with a unitary, coherent claim to which it need respond only with a unitary, coherent defense" and, as such, the Court "perceives no unfairness in haling the defendant into court to answer to it in a forum that has specific jurisdiction over the defendant based on the representative's claims." Sanchez, 297 F. Supp. 3d at 1366. See also Molock, 297 F. Supp. 3d at 126 (explaining that the "additional elements of a class action supply due process safeguards not applicable in the mass tort context.").

Additionally, the Court is concerned about the impracticality of conducting a specific jurisdiction analysis when the contacts of each absent class member are not yet known. In mass tort actions, each plaintiff is a real party in interest to the complaint. Therefore, information regarding his or her contacts with the defendant and the forum state are easily ascertainable. In class actions, however,

the litigation is generally conducted by named parties as representatives. In this case, Plaintiff has not yet moved for class certification. By limiting Plaintiff's class action to a Georgia-only class, the Court is concerned about the possibility of excluding non-resident class members who do have contacts with Defendants establishing specific jurisdiction. This would necessarily require the Court to embark on a difficult—if not impossible—inquiry not customarily performed as part of a class action and not considered in the Bristol-Myers decision. See Chernus v. Logitech, Inc., No. CV 17-673(FLW), 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018) ("At this stage of the litigation, no class has been certified, and therefore, to determine whether this Court has specific jurisdiction over Defendant with respect to the claims of the unnamed class members prior to class certification would put the proverbial cart before the horse.").

Second, Bristol-Myers involved a state court's exercise of jurisdiction, and the decision was grounded in federalism concerns that are largely inapplicable to a nationwide class action in federal court. See 137 S. Ct. at 1780. While the plaintiffs in Bristol-Myers were "forum-shopping in California to reach a non-resident defendant with insufficient contacts," the case before the Court today involves "Defendants that have made enough contacts to the forum states to hold them liable in a nationwide class action." Sanchez, 297 F. Supp. 3d at 1367. Specifically, Congress enabled class actions to promote efficiency and economy in litigation. Id. (quoting Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 349

(1983)). The concerns regarding a state overreaching its status as a coequal sovereign simply does not exist in a nationwide class action in federal court.

Thus, after careful consideration, the Court joins the majority of district courts who have addressed this issue in finding that Bristol-Myers does not prevent this Court's assertion of specific jurisdiction over Defendants with regard to the claims of the putative non-resident class members.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss or, in the Alternative, to Strike Class Allegations [15] is **DENIED**.

**IT IS SO ORDERED** this 18th day of October, 2018.

_____
**Leigh Martin May**
**United States District Judge**